IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY GRIFFIN                  *

    Petitioner,                  *

v.                               *     Crim. Action No. ELH-12-0003
                                                                 Civ. Action No. ELH-16-2007

UNITED STATES OF AMERICA,        *

    Respondent.                  *

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM</u>**

On November 26, 2012, Anthony Griffin, Petitioner, entered a plea of guilty to the sole count of an Indictment charging him with Interference with Commerce by Robbery (Hobbs Act Robbery), in violation of 18 U.S.C. § 1951(a). ECF 29; ECF 30 (Plea Agreement). In particular, the plea was entered under Rule 11(c)(1)(C), in which the parties jointly agreed to a sentence ranging between 120 to 151 months of imprisonment, if the defendant qualified as a Career Offender. ECF 30, ¶ 8. The parties also agreed that if the defendant did not qualify as a Career Offender, then a sentence within the advisory guidelines range, as determined by the Court, would be the appropriate disposition. *Id. See* U.S.S.G. § 4B1.1.

The Presentence Report ("PSR", ECF 35) indicated that Griffin qualified as a Career Offender. That determination was based on a criminal history that included prior convictions in Maryland for Assault with Intent to Rob (1995) and Robbery with a Deadly Weapon (two counts) in 1997. *Id.* ¶¶ 22, 38-40, 45. In addition, in 2012 the defendant was convicted of two counts of Robbery. *Id.* ¶ 41.

At the sentencing held on March 19, 2013 (ECF 36), the Court determined that Griffin qualified as a Career Offender, with a final offense level of 29 and a Criminal History Category VI. Therefore, the applicable advisory sentencing guidelines range called for a sentence of 151 to 188 months. In accordance with the C plea, the Court sentenced the defendant to 151 months' of imprisonment. ECF 33 (Judgment).

On June 8, 2016, the Federal Public Defender ("FPD") filed a Motion to Correct Sentence Under 28 U.S.C. § 2255, based on *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015). ECF 43 ("Motion"). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" was unconstitutionally vague. 135 S. Ct. at 2555-57; *see also United States v. Winston*, 850 F.3d 667, 680 (4th Cir. 2017) (explaining *Johnson*). Relying on *Johnson*, the FPD argued in the Motion that Petitioner no longer qualified as a Career Offender because his prior convictions for Assault with Intent to Rob and Robbery with a Deadly Weapon do not constitute crimes of violence. ECF 43 at 1.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). In *Beckles*, the Court determined that the advisory sentencing guidelines are not subject to *Johnson* challenges.

Subsequent to *Beckles*, on August 18, 2017, the FPD asked Petitioner whether he wanted to withdraw his motion. ECF 44 at 2, 3. Petitioner was also advised that the FPD intended to submit a request to withdraw as counsel and, if granted, Petitioner would be proceeding without counsel. *Id.* at 2. Petitioner did not respond to the FPD. *Id.*

On September 18, 2017, the FPD filed a Motion to Withdraw as Counsel. ECF 44. This Court granted the motion. ECF 45.

Pending before this Court is Petitioner's Motion under 28 U.S.C. § 2255. ECF 43. The government did not respond. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2016); 28 U.S.C. § 2255(b). For the reasons stated herein, I shall deny the Motion.

## DISCUSSION

Petitioner claims that under *Johnson* he does not qualify as a Career Offender under U.S.S.G. § 4B1.1, because the prior convictions that undergirded his Career Offender designation are not crimes of violence. ECF 43.

U.S.S.G. § 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states, in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . .

Notably, the scope of review of non-constitutional error is more limited than that of constitutional error. *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 495-96 (citations omitted); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)), *cert. denied*, 135 S. Ct. 2850 (2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

In light of *Beckles*, 137 S. Ct. 886, Petitioner's Motion is without merit. As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. The *Beckles* Court held, *id.* at 895: "[T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and . . . § 4B1.2(a)'s residual clause is not void for vagueness."

## CONCLUSION

For the reasons stated above, Petitioner's Motion (ECF 43) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional

claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

In my view, reasonable jurists would not find Petitioner's claim debatable. Therefore, a certificate of appealability is DENIED.[1]

A separate Order follows.


Dated: October 2, 2017 /s/
Ellen L. Hollander
United States District Judge

---

[1] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court.